EXCELSIOR DRUM WORKS v. SHEIP & VANDEGRIFT, Inc.

(Circuit Court, E. D. Pennsylvania. October 20, 1909.)

No. 117.

1. PATENTS (§ 167*)—CONSTRUCTION—LIMITATION OF CLAIMS BY SPECIFICATION.
   A broad claim in a patent cannot be based on a description in the specification that is specifically limited to a single device and does not present it as an example or a preferred structure.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. § 167.*]

2. PATENTS (§ 167*)—SPECIFICATIONS—HORN FOR TALKING MACHINE.
   The Soistmann patent No. 873,908, for a horn for talking machines, claim 3, which claims as one element "a reinforcing band surrounding the body of the horn intermediate its two ends," must be limited as to such band to a thin and narrow strip of wood or other suitable material wound spirally from one end of the horn to the other, which is the only band described or shown by the specification or drawings. As so limited, held not infringed.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. § 167.*]

In Equity. Suit by Excelsior Drum Works against Sheip & Vandegrift, Incorporated, for infringement of patent. On final hearing. Bill dismissed.

John P. Croasdale, for complainant.
W. Howard Ramsay and Hector T. Fenton, for respondent.

J. B. McPHERSON, District Judge. The patent in suit, No. 873,908, which was granted to Adolph G. Soistmann in December, 1907, upon an application filed May 5, 1906, relates to improvements in horns for talking machines. The applicant's object was "to provide an improved structure combining simplicity of construction, strength, and lightness in weight, and tone qualities capable of producing a maximum resonance." The specification then goes on to describe the invention in detail:

"My improved horn comprises a series of non-metallic tapered sections, 4, preferably of hard wood or fiber. These sections, 4, are each beveled upon each longitudinal edge, 5 and 6, as clearly shown in Fig. 3, so that one bevel of each section may be termed an upper bevel, and the other an under bevel. These bevels are so disposed that the abutting edges of adjacent sections will overlap. These overlapping edges may be glued or otherwise fastened together to form a continuous horn-shaped structure. Upon this structure, I then wrap a very thin narrow strip or ribbon, 7, of wood or other suitable material, and glue the same securely to said structure. I have found, for example, that a ribbon of veneering of approximately one-quarter of an inch in width, and about one-twentieth of an inch in thickness, makes a satisfactory wrapping. This wrapping extends spirally from one end of a horn to the other. When the structure is so formed and wrapped, the flaring end thereof is secured in the annular channel, 8, of the rim or ring, 9. This ring or rim, 9, has its ends provided with long bevels, 10 and 11, adapted to overlap each other, so that, when the flaring end of the horn structure is seated in the channel, 8, the ring is slightly contracted, the beveled edges, 10 and 11, sliding slightly over each other, so that the rim, 9, will form a tight locking engagement with the flaring end of the body of the horn structure.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"By the construction above described, there is formed, at minimum expense, a structure having its component parts so intimate and secure, and locked together, so as to constitute a substantially integral whole of great strength, extremely light in weight, and having qualities of resonance which render it an extremely powerful and efficient horn for the purposes specified."

The claims are as follows:

"(1) A horn composed of longitudinally extending tapered sections forming a structure contracted at one end and flaring at the other, and a thin band spirally wound about said structure.

"(2) A horn composed of longitudinally extending tapered sections, forming a structure contracted at one end and flaring at the other, a thin band spirally wound about said structure, and a ring member provided with an annular channel to receive the flaring end of said structure.

"(3) A horn composed of longitudinally extending tapered sections, forming a structure contracted at one end and flaring at the other, and a reinforcing band surrounding the body of the horn intermediate its two ends."

I have quoted the three claims, although the third only is in controversy, because the other two seem to throw some light on the dispute. At the time when Soistmann entered the field, part of it had been already occupied. It was no longer new to make a horn of wood, having longitudinally tapered sections that formed a structure contracted at one end and flaring at the other; and it was not new to provide a ring member having an annular channel to receive the flaring end. Neither was it new to arrange the tapering sections so that their edges would come into contact radially and be glued together in that position. The two English patents to Cockman, No. 5,186 of November, 1903, and No. 14,700 of March, 1905, and the American patents to Ruggiero, No. 770,024 of September, 1904, and to Cunnius, No. 784,385 of March, 1905, confirm these statements. But Soistmann was apparently the first to suggest beveling the edges of the tapering sections and uniting these edges by bringing the bevels into overlapping contact and to provide also for overlaying the horn with a thin and narrow spirally wound ribbon of veneering. The beveled edges were rejected by the Office for lack of novelty, but the thin band of spiral veneering remains as one element in the first two claims. The third claim, however, departs from their language—"a thin band spirally wound about said structure"—and substitutes the words, "a reinforcing band surrounding the body of the horn, intermediate its two ends." By this substitution the third claim is made much broader than the others, and much broader also than the specification and the drawings. It includes not only a spiral band wound about the horn, but any reinforcing band, either spiral or circular, that surrounds the horn at any point between the two ends. The defendant's horn has a band of textile material, which is stretched and glued into a shallow groove that surrounds the horn near the large end, and to some extent this band reinforces or adds strength to the structure. It is therefore within the literal language of the third claim, and must be held to infringe unless the claim should be so limited by the specification taken as a whole and by the state of the prior art as to apply substantially only to such structure as the specification describes in detail. It is the "reinforcing band" that presents the problem here. Should that phrase be restricted to a band of veneering that substantially covers the sur-

face of the horn between the two ends? Or may it be so construed as to cover a single narrow circular band such as the defendant's, on the ground that the circular band "reinforces" in some degree? If it were a merely ornamental band, it would certainly not infringe; but the language of the claim, standing by itself, lays hold upon any band as soon as it begins to add strength to the structure, éven if the addition be very slight. In my opinion, the claim cannot be permitted to depart thus far from the specification. The description is wholly confined to a thin and narrow band "wound spirally from one end of the horn to the other." The drawings show this construction and no other, and there is not a word in the specification to indicate that the inventor is merely describing a preferred construction. I think it would be quite inadmissible, therefore, to construe the claim as broadly as the exigency of the complainant's case requires; and (without attempting to decide what would be a merely immaterial variation from the patented structure so as to expose the maker to the charge of infringement, or to decide precisely at what point the variation would become material so that the new structure would ñot infringe) I have no hesitation in holding that the defendant's horn has passed the point that separates the two kinds of variations, and does vary materially. For this reason I hold that it does not infringe.

It is well settled that claims may be narrowed by limitations in the description (Walker, Patents [4th Ed.] p. 173, and cases cited), and, also, that specifications and drawings are usually looked at only for the purpose of better understanding the meaning of the claim (Howe Mach. Co. v. Nat. Needle Co., 134 U. S. 394, 10 Sup. Ct. 570, 33 L. Ed. 963). But whatever reciprocal effect the description and the claim may in general have upon each other, I do not understand that a broad claim can be based upon a description that is specifically limited to a single device, and does not present it as an example or a preferred structure. A possible explanation of the presence of the third claim is afforded by the file wrapper, which shows that the claim was inserted bodily after various rejections by the examiner, thus introducing the "reinforcing band" for the first time without anything in the description to support language so broad. As originally framed, the specification was drawn to sustain claims that referred only to "a thin narrow band spirally wound about said structure."

That the claim cannot be construed alone, is manifest. It must be limited in at least one other particular. It speaks broadly of "a horn," and, taken alone, this would include metallic horns, although these are unquestionably excluded, but by words of exclusion that are no more positive than the words that limit the band to a wrapping that "extends spirally from one end of the horn to the other."

Moreover, since the band of the third claim is "reinforcing," and therefore must be a band that helps to hold the structure together, the argument merits consideration that a circular reinforcing band around a trumpet is essentially a hoop around a barrel—and this is an element that can scarcely be called novel. Of course, a cooper's barrel belongs to a different art from the wooden horn of a talking machine, but they have this much in common at least: they may both be made of staves

radially arranged, and, when this is the case, a circular band adds to the strength of either structure, and it can make little difference, I think, whether it be called a hoop or a reinforcing band. By either name it is the same thing, and does the same work. It is used in either art for the same purpose, and if it is not new around a barrel it can hardly be claimed as a novel element around a horn.

The defendant's horn does not infringe, as it seems to me, and accordingly a decree may be entered dismissing the bill with costs.