Modified.

## In re MATZNER.
### Patent Appeal No. 3047.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

Clyde A. Norton, of New York City (William S. Hodges, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 1 to 3, inclusive, and 5 to 19, inclusive, of appellant's application, filed January 14, 1930, which application was for a reissue of letters patent No. 1,674,603. Claim 4 was also rejected by the Examiner, but was allowed by the Board.

Claims 2, 14, and 15 are illustrative of the claims in issue, and read as follows:

"2. A dial for radio receiving sets including an electrical indicator adapted to be rendered active only when the dial is set to tune in a station, a normally open circuit in which said indicator is arranged, and circuit closing means carried by the dial, said circuit closing means including a plurality of contact members carried by the dial and disposed in circuit closing position only when the dial is set to tune in a station."

"14. The combination with a radio receiver having a signal selector, of an indicator arranged to carry station identifying indicia in station indicating position, a lamp

positioned so as to render said station identifying indicia more easily visible, a circuit for energizing said lamp, said circuit comprising a make and break contactor for controlling the illumination of said lamp, and means movable with said signal selector to effect closure of said circuit when said selector is set to receive signals from a previously chosen transmitting station.

"15. The combination with a radio receiver having a signal selector, of a lamp and circuit controlling means for causing said lamp to give a light signal when said selector is set to receive signals from any one of a previously selected group of stations, a portion of said means being selectively positionable to provide said signal at each setting of said selector at which one of said group of stations is received."

The references are: Morton (British), 159,628, March 4, 1921; Townsend, 1,455,-458, May 15, 1923; Ford, Jr., 1,618,921, February 22, 1927; Shapiro, 1,639,618, August 16, 1927; Lawton, 1,648,410, November 8, 1927; Neal et al., 1,601,141, September 28, 1926; Langley, 1,631,687, June 7, 1927; Roth, 1,724,371, August 13, 1929; Mitchell et al., 1,058,320, April 8, 1913; Pollen et al., 1,077,965, November 4, 1913; Barkhausen et al., 1,123,067, December 29, 1914; Wood, 1.312,602, August 12, 1919; O'Malley, 1,276,563, August 20, 1918; O'Neal et al., 1,693,663, December 4, 1928; Rhodes, 1,010,802, December 5, 1911; Stalnaker, 1,-099,865, June 9, 1914; Ehret, 707,056, August 12, 1902; Harlow, 1,419,561, June 13, 1922; Williams, 1,606,329, November 9, 1926; Radio, September, 1926, Advertising, p. 7.

In the statement of the Examiner no references were cited, but attention was called to letters of the Examiner appearing in the record, citing the nineteen patents and one publication listed above and relied upon by the Examiner in rejecting the claims.

The Board of Appeals in its decision cited no references, but in its statement the Board said:

" * * * We shall not list the numerous references of record in the case but we believe, after a consideration of the various communications and appellant's brief that we understand in substance the issue, and we shall therefore undertake to discuss it in broad terms."

We do not here deem it necessary to discuss the large number of references in the record, for the reason that we do not find that any of them anticipate or suggest the alleged invention, involved in the claims here in issue, upon which appellant relies for patentability.

The claimed invention relates to radio receivers, and consists, in addition to the controlling means in such receivers, of a means for giving an electrical indication when the dial controlling the movable member of the condenser is in position to tune the receiver for a particular station. Appellant discloses a radio provided with an electrical indicator in the form of a lamp, a normally open circuit for supplying current to said lamp, and contacts for closing that circuit to light the lamp only when the dial has been rotated to those positions at which the set is tuned to receive various broadcasting stations; the lamp at such times serving both as an indicator of tuned position and also to illuminate a transparent dial displaying station letters or other indicia. Another feature disclosed by appellant is means whereby the operator, at his option, may place said circuit closing means in operating condition so as to light said lamp only when the dial has been rotated to predetermined tuning positions.

We agree with the Board of Appeals and the Examiner that the claims are entirely too numerous, and also that many of them are not sufficiently definite to properly distinguish appellant's alleged invention from the prior art disclosed in the references. It is our opinion that claims 2, 7, 11, 12, 14, 15, and 17 fully embrace the subject-matter of appellant's application, and we think all of the other claims either fail to claim distinctly the alleged invention or constitute mere duplications of one or another of those above indicated.

With respect to said claims 2, 7, 11, 12, 14, 15, and 17, we have carefully examined all of the large number of references cited, and we do not find that either singly or in combination do they disclose or suggest the invention embodied in said claims. The gist of appellant's invention is the combination and provision of means for quickly securing station adjustments in a radio receiver without the necessity of closely watching the dial. Appellant conceived the use of a stop-light which would flash to the operator a stop signal when the proper adjustment for stations had been reached, and further providing a means whereby said stop signal might be limited so as to flash only when the receiver was in proper adjustment to tune any one of a number of predetermined stations.

The Board of Appeals held that such a signal involved utility, and, when accom-

plished by the use of contact pins upon the dial,. was patentable, because, as the Board found, such contact pins were not shown in any of the references. On this theory the Board allowed claim 4, which reads as follows: .

"4. A radio dial including a stationary housing; a dial rotatable in the housing, a signal lamp in the housing arranged under a window therein, a normally open lamp controlling circuit, and circuit closing means carried by the dial comprising contact pins selectively positioned on the dial in accordance with the dial settings necessary to tune in broadcasting stations."

We are of the opinion that the references do not show or suggest the useful result secured by appellant, either by the use of contact pins or in any other manner, and we therefore hold that appellant should not be restricted to the use of contact pins, but that he is entitled to a broader protection irrespective of whether the lamp circuit is closed by means of contact pins.

With respect to certain of the claims, the Board of Appeals held that they were limited to having the lamp light only when the dial is rotated to tune a single station and at no other setting of the dial, and that a structure so limited would not embody anything patentable over the prior art. In discussing this point, the Board referred to claim 1 and said:

"* * * As previously stated, in our opinion the use of a single signal would not be patentable nor do we consider that merely including a plurality of contacts broadly, properly defines invention over the prior art; in claim 1, for instance, reference is made to a plurality of circuit closing means but only one station is specifically set forth in the claim. The use of the other circuit closer is therefore not defined. * * *"

Said claim 1 included the following language:

"1. A dial for radio receiving sets including a single electrical indicator adapted to be rendered active *only when the dial is set to tune in a station.* * * *" (Italics ours.)

Claim 2, hereinbefore quoted, includes similar language limiting the closing of the lamp circuit to the time "only when the dial is set to tune in a station." We think that the Board has given too narrow a construction to the last-quoted language; having in mind that in any tuned position a radio receiver is capable of picking up but one station, or is limited to stations on the tuned

frequency, we believe the language of the claims should be interpreted to mean that circuit closure is effected *whenever* the set is tuned to receive a station, and, inasmuch as the set is so tuned whenever it is adjusted to any one of the many broadcast frequencies, the language of the claims is not limited to the setting of the receiver for a single station, but contemplates any setting of the receiver which tunes it to a broadcast frequency. At *any* tuned frequency the dial is set to tune in a station, as called for by the claims, and we believe the claims should be so construed on this point.

It is our opinion that claims 2, 7, 11, 12, 14, 15, and 17 will give to appellant the protection to which he is entitled by his invention, and that said claims should be allowed.

The decision of the Board of Appeals is affirmed as to claims 1, 3, 5, 6, 8, 9, 10, 13, 16, 18, and 19, and reversed as to claims 2, 7, 11, 12, 14, 15, and 17.