### PETERSEN v. COAST CIGARETTE VENDORS, Inc., et al.

#### No. 10222.

Circuit Court of Appeals, Ninth Circuit.
Nov. 9, 1942.

**390**

Herbert A. Huebner, of Los Angeles, Cal., for appellant.

George P. Dike, Cedrick W. Porter, and Dike, Calver & Porter, all of Boston, Mass. (Roy C. Hackley, Jr., and Hackley & Hursh, all of San Francisco, Cal., of counsel), for appellees.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant sued for infringement of claims 2, 3, 4, 14, 15, 19, 20, 21 and 22 of patent number 1,628,062, issued to Nels P. Petersen on May 10, 1927. The District Court concluded, after trial, that the patent should be narrowly construed, in view of the prior art, and that so construed it was not infringed. The complaint was accordingly dismissed with prejudice, and this appeal follows.

The patent in suit is for a coin slot vending machine for packages of cigarettes or similar articles, so constructed that the machine, although having only one coin mechanism, may simultaneously contain articles of varying prices and dispense for the proper price whichever article the customer selects. Prior to Petersen's patent there were in use multiple-mechanism machines, in which each type of article was vended by means of a separate coin mechanism, operated by coins of the required value: in effect, separate machines in a single housing. The advantage of Petersen's device over these is that it avoids the bulk and expense of duplicating coin mechanisms, and especially the rather elaborate devices used to detect and reject spurious coins.

Petersen's machine, as described in his specifications, consists of a rotating cylindrical turret in which the various types of articles to be sold are contained in separate columns. At the front of the machine, in the stationary base, is a delivery chute, surmounted by two coin slots, one for a nickel on one side and one for a dime on the other. The purchaser rotates the turret until the column containing articles such as he wishes is above the delivery chute; by operating a handle he then causes an ejector mechanism to remove the bottommost article from the column and slide it into the delivery chute. This ejector is held in place by two latches, one on each side; both must be released before it can be operated. Each latch may be released by insertion of a coin in the slot above it, a dime in one case and a nickel in the other; and in the case of articles costing fifteen cents this is the procedure which must be followed. In the case of articles costing only five or ten cents, a bolt or lug is screwed to the under side of the turret in such position that when the column of articles in question is over the chute, the lug is in contact with the latch corresponding to the coin which is not required to make up the purchase price. By this contact, the latch is raised by the lug without the insertion of a coin so that the ejector may be operated after insertion of a coin in the other slot alone. By this means, articles costing five, ten and fifteen cents may be contained at the same time in the machine, and each sold by means of the same coin mechanism upon insertion of the proper price.

The claims in suit differ somewhat in detail, but in substance all are for "a coin controlled machine having a vending mechanism, two coin controlled mechanisms for the reception of two different coins, each coin controlled mechanism being normally latched to be released by the insertion of coins and means controlled by a purchaser [or, carried by part of the vending mechanism] to unlatch one of the coin controlled mechanisms so that the insertion of a coin in the other coin controlled mechanism will release the vending mechanism." None of the claims in suit contains any more specific description of the "means" for unlatching the mechanism as to which no coin is required.

Our first consideration, then, must be given to the sufficiency of the claims. The requirements of a patent application are established by 35 U.S.C.A. §

33, which provides that the application shall contain a full description of the invention and "particularly point out and distinctly claim the part, improvement, or combination" which is claimed as the invention. This only requires that the claims point out the invention, not that they redescribe it. This court has accordingly held, in the case of Shull Perforating Co. v. Cavins, 9 Cir., 94 F.2d 357, 364, that "where the means referred to in claims are clearly shown in the description of the patent, this description is sufficient to cover the means thus disclosed and its mechanical equivalents." In conformity with this view, we hold that the present patent is sufficient in form to cover the latch-releasing means described in the specifications, and mechanical equivalents thereof.

We consider next the validity of the patent in view of the prior art. In addition to the multiple-mechanism machines already referred to, the prior art discloses certain other devices much closer in function and design to appellant's machine. We find it necessary to consider only one, British patent number 24,973 issued to Cocks in 1894. This was a machine for displaying and vending postcards or other small articles of varying prices. The articles to be sold were placed in compartments around the periphery of a drum which the purchaser rotated on a horizontal axis. In front and to one side of the drum was a horizontal row of six coin slots, connected with each of which was a vertical lever which could be released by insertion of a coin in the corresponding slot. To permit a vending operation all six levers were required to be released. In the case of articles costing six coins, each lever was required to be released by insertion of a coin in the proper slot. In the case of articles costing less than six coins there were provided mechanical means "carried by part of the vending mechanism" and "operated by the purchaser" for releasing as many levers as the number of purchase coins required was less than six. For our purposes it is only necessary to indicate the mechanical means so used. Projecting from the end of the drum toward the releasing levers there was placed, opposite each compartment for articles costing less than six coins, a pin or rod which would release every lever with which it was in contact while the drum was in a position to vend articles in the corresponding compartment. These rods were of varying lengths, the length of each rod determining the number of coins required to make a purchase from the corresponding compartment. For instance, if the rod was long enough to come in contact with, and so release, five levers, a vending operation could be completed by inserting a coin in the sixth slot alone; whereas, if the rod was only long enough to release one lever, it would be necessary to release the other five by coins deposited by the purchaser.

It is thus seen that the Cocks machine, as the patent in suit, substitutes for the use of a coin a mechanical means, carried by the merchandise-containing drum and brought into operative position by the purchaser by the act of rotating the drum so as to put into vending position the articles he desires. In each case, the means consists of a rod or pin which operates to release a lever that could otherwise only be released by deposit of a coin in the appropriate slot by the purchaser. The means used by Petersen is the equivalent of that used by Cocks.

In the machine as described by Cocks, each slot was for a penny, and it was always the levers nearer the drum which were released by the rods, and the slots farther from the drum which required coins. Petersen's machine adds nothing to Cocks', save that Petersen uses two coins of different values, and provides for automatic release of either latch independently of the other. The latter feature is only made necessary by the former, for when all coins are of the same value it is immaterial which is released by the rod and which by the coin. The use of coins of different values was not new with Petersen and could not constitute invention. Adapting the relative positions and forms of the rods and levers so that any lever can be mechanically released independently of the others does not, in our opinion, rise to the dignity of invention. It is no more than a simple problem of design, well within the ability of one skilled in the art.

We hold, accordingly, that the claims in suit in Petersen's patent are invalid because anticipated by the prior art. The judgment of the trial court must therefore be affirmed. Our power to affirm on a ground not assigned by the trial court is, of course, well settled. McBrine Co. v. Silverman, 9 Cir., 121 F.2d 181.

Judgment affirmed.