31 C.C.P.A. (Patents)

## In re VICKERS et al.

### Patent Appeal No. 4836.

Court of Customs and Patent Appeals.

March 6, 1944.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich. (John M. Kisselle and Robert A. Choate, both of Detroit, Mich., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 4, 12, 20, 21, and 37 in appellants' application for a patent for an alleged invention relating to new and useful improvements in oil well pumping apparatus.

Seventeen claims were allowed by the Primary Examiner.

Claim 4 is illustrative of the appealed claims. It reads:

"4. In combination, a cylinder for containing an operating liquid, a reciprocal member in said cylinder, means acting on said member for resisting the entrance of liquid to said cylinder, a motor cylinder, a reciprocal member in said motor cylinder adapted to be operably connected to the sucker rod of a pump in a well, a pressure forming means, a pilot operated shiftable means adapted to control the direction of liquid under pressure through said pressure forming means and to and from said cylinders, a supply of operating liquid, unidirectional valve means connecting said supply with the inlet of said pressure forming means, valve means responsive to movement of one of said reciprocal members for directing pressure to said pilot operated means to shift the same, and additional valve means responsive to abnormal movement of one of said reciprocal members resulting in closure of the outlet port of one of said cylinders adapted to delay the shifting of said pilot operated means, and thereby cause a replenishing of liquid from said supply to said system during said delay."

The claims were rejected by the tribunals of the Patent Office on the ground that they are broader than appellants' invention. They were not rejected on prior art.

There being no prior art involved, it is unnecessary that a detailed explanation of appellants' apparatus be here set forth. However, the Primary Examiner described appellants' apparatus quite fully in his statement to the Board of Appeals.

Appellants' apparatus includes a so-called "well operating or work cylinder" and piston, an accumulator cylinder and piston, and a pump which forces liquid from one cylinder to the other under control of a directional valve. The apparatus also includes two pilot valves. One, controlled by the accumulator piston, causes normal reversal shifting of the directional valve, and the other, by abnormal movement of the work cylinder piston which closes a port in the lower part of the work cylinder, delays normal reversal for replenishment purposes. (Replenishment is required because of leakage in the system.) Thus it will be seen that appellants' apparatus is an automatic system for reversal of a closed system and replenishment of liquid in the system.

It will be observed from what has been said that in appellants' apparatus one of the pilot valves is caused to operate by the accumulator piston, and the other by the work cylinder piston. The accumulator piston and the work cylinder piston move substantially in unison. Accordingly, the idea of actuating the valves in accordance with piston movement is obviously a unitary conception, and the operation of the system would be the same regardless of whether the accumulator piston or the work cylinder piston operates one or the other of those valves, provided the valves are operated for the purposes hereinbefore set forth.

In the apparatus defined by the appealed claims, the pilot valves may be operated by the two pistons, as hereinbefore described, or they may be operated by a single piston.

The language of claim 4 which calls broadly for the operation of the valves either by a single piston or by two pistons is as follows:

"Valve means responsive to movement of *one* of said reciprocal members for directing pressure to said pilot operated means to shift the same, and additional valve means responsive to abnormal movement of *one* of said reciprocal members resulting in closure of the outlet port of *one* of said cylinders adapted to delay the shifting of said pilot operated means, and thereby cause a replenishing of liquid from said supply to said system during said delay." (Italics not quoted.)

In his statement to the Board of Appeals, the Primary Examiner said that, although the appealed claims *read on appellants' disclosure,* they were "incomplete" in that they omitted "a limitation without which" they were "broader than the disclosed invention," that is to say, they were sufficiently broad to call for the operation of the valves by a single piston. The examiner stated, however, that he would allow claims which defined the arrangement of the apparatus wherein "one piston by its

movement controls the application of pilot pressure, while the other piston by its movement closes the inlet port of its cylinder to delay reversal." We quote from the examiner's statement as follows:

"The claims on appeal, however, are even broader * * * in that they merely state that *one* piston controls pilot pressure, and *one* piston delays reversal by causing closure of the outlet port of *one* cylinder. This language is broad enough to cover a construction wherein a single piston controls the pilot pressure and its own or the other cylinder's inlet port to also delay reversal. Whether it is possible to construct such a structure wherein a single piston performs all these functions, the Examiner cannot say. For present purposes, it seems sufficient to state that it is not immediately clear how it can be done, and applicants have not shown how to do it. Under such circumstances, it is believed proper to require applicants to reasonably restrict their claims to cover their own structure and obvious modifications thereof, while still leaving the field of improvement open to him who subsequently teaches the public how all the functions are to be performed by the motion of only one of the two moving pistons.

"Applicants have argued that it is *possible* that all reversing and delay functions could be performed by motion of one piston, and that to require them to limit the claims to recite that the control is under the motion of both pistons, would unduly limit their protection.

"The answer to this is that if such a structure is possible, and is part of the invention disclosed in this case, applicants should have described it, if they desired to claim it. Having failed to describe it, and it not being apparent how it can be brought about, it must be held to be outside the scope of the invention described herein, and applicants are not entitled to protection on it." (Italics quoted.)

In its decision affirming the decision of the Primary Examiner, the Board of Appeals called attention to the language in the body of claim 4, hereinbefore specifically referred to, and stated that the wording of the claim was confusing when read on the drawings in appellants' application; that appellants have not shown a construction, either in their drawings or in their specification, wherein a single piston might control the valves for the desired purposes; and that an entirely different and unobvious construction from that shown in appellants' drawings and specification would be necessary in order to control the valves by a single piston. The board further said:

"The construction shown [in appellants' specification and drawings] requires two cylinders, the piston in [one] operating one valve means and the piston in the other operating the other valve means. * * *

"We are cognizant of the fact that in a mechanical case an applicant may generally draw a broad claim on a single construction. However, it should be obvious to any one skilled in the art to make such modifications covered. That is not the situation here."

It is contended here by counsel for appellants that the gist of the involved invention—"lies mainly in the particular valve arrangement for controlling reversal automatically and for permitting replenishment. It is not new to shift valves by extension of piston rods in this very art. We believe it plainly follows from this that it actually is obvious how the system could be changed to have both valves * * * controlled by a single piston rather than by both of them."

In explanation of how the apparatus might be arranged so that the valves would be properly controlled by a single piston, counsel for appellants state in their brief that it would seem to be obvious that the pilot valve, which is shown in appellants' specification and drawings as being controlled by the accumulator piston for causing normal reversal of the directional valve, might be operated by a projection from the piston in the work cylinder, or, instead of the port at the lower end of the work cylinder being closed by the work cylinder piston, it could be closed by a mechanical connection to the piston rod of the accumulator piston. Counsel's main contention is, however, that the "obviousness of various modifications [of the disclosure in appellants' specification] need not concern" the tribunals of the Patent Office; that it is the duty of those tribunals "to see that the claims are directed to novel and patentable subject matter," and that they are "readable on the disclosure." Counsel also contend that "To require an applicant to limit his claims to all obvious modifications, would either prevent him from receiving fair protection from his idea or it would cause him to multiply the disclosures of his patent to

all the possible modifications that he could foresee in order that he could get broad claims," and that appellants are entitled to claims which cover "all devices which carry the spirit of the invention and are not shown by the prior art."

In support of their contentions, counsel for appellants rely upon the decisions in the following cases: In re Matzner, 62 F. 2d 190, 20 C.C.P.A., Patents, 799; Ex parte Louis N. D. Williams, 2 U.S.P.Q. 93; Ex parte Vickers, 53 U.S.P.Q. 607.

In the Matzner case, supra [62 F.2d 191], the invention involved related to radio receivers, and, among other things, disclosed means for "giving an electrical indication when the dial controlling the movable member of the condenser is in position to tune the receiver for a particular station." Claim 2, there involved, called for a dial for radio receiving sets, an electrical indicator, arranged in a normally open circuit and adapted to be rendered active only when the dial was set to tune in a station, and a circuit closing means, including a plurality of contact members "carried by the dial and disposed in circuit closing position only when the dial is set to tune in a station." The Board of Appeals allowed certain claims, which, instead of calling for "contact members," called for "contact pins." In reversing the board as to certain of the claims there on appeal, we said:

"We are of the opinion that the references do not show or suggest the useful result secured by appellant, *either by the use of contact pins or in any other manner,* and we therefore hold that appellant should not be restricted to the use of contact pins, but that he is entitled to a broader protection irrespective of whether the lamp circuit is closed by means of contact pins." (Italics not quoted.)

In the Williams case, supra, the Board of Appeals, in reversing the decision of the Primary Examiner rejecting the claims there on appeal, quoted from the decision in the case of Ex parte Weaver, 1897, C. D. 165, wherein the Commissioner of Patents said:

"It is the well-settled policy of this Office, however, to allow applicants to claim their invention as broadly as possible in view of the state of the art."

In the case of Ex parte Vickers, supra, the Board of Appeals, in reversing the decision of the Primary Examiner rejecting the single claim there on appeal, stated

that the examiner had not rejected the claim on prior art, but had rejected it on the ground that it was broader than the applicant's disclosure because it was so drawn that it covered structures not specifically disclosed or described in the applicant's application. The board further stated:

"As a general rule an applicant in a mechanical case seldom shows more than one embodiment. He is generally allowed claims, when the art permits, *which cover more than the specific embodiment shown. That practice is so general that it occurs in almost every case.* * * *

"Even though the present applicant has not disclosed more than one specific arrangement of the controlling valve, we see no good reason why applicant should be denied a claim that will cover other arrangements as long as the claimed invention is novel. *The examiner has not shown that any other arrangement cannot be employed and obtain the equivalent result. It is our view that the claim is not too broadly drawn and that it should be allowed.*" (Italics ours.)

The Solicitor for the Patent Office states in his brief that it is too well settled to require citation of authorities that "ordinarily in a mechanical case broad claims may be supported by a disclosure of a single form of the apparatus disclosed in an application." The solicitor contends, however, that the general rule as stated is not applicable to a claim which necessarily covers an apparatus working on a principle entirely different from that shown and described in an application, which apparatus is not suggested in the application and is not obvious from the disclosure therein. In support of those views, the solicitor cites the case of Excelsior Drum Works v. Sheip & Vandegrift, 173 F. 312, wherein it was stated by the Circuit Court for the Eastern District of Pennsylvania that a broad claim could not be based upon a disclosure that was specifically limited to a single device which was not given as an example or as a preferred structure. It was also the view of the solicitor that it is not obvious from appellants' specification and drawings how appellants' apparatus might be reorganized so as to operate the valves by the movement of a single piston.

We are unable to concur in the view of the solicitor that appellants' specification does not suggest that the pilot valve for

effecting normal reversal of the directional valve and the other pilot valve, which is so actuated as to delay normal reversal of the directional valve for replenishment purposes, could be operated by a single piston.

We quote from appellants' specification:

"An object of the present invention is to provide a mechanism which is responsive to the movement of a reciprocal member in the *pumping cylinder or the accumulator cylinder or both* which will permit the operating liquid to be taken by the pressure forming means from an independent supply and injected into the closed system to replenish the supply of operating liquid. This replenishing apparatus is intended to operate automatically and is responsive to the quantity of liquid in the system." (Italics ours.)

It is apparent from the quoted excerpt that the accumulator piston may be used not only to effect normal reversal of the directional valve, but also to delay the operation of that valve for the purpose of replenishing the system. Accordingly, it is plainly suggested in appellants' specification that the accumulator piston alone may operate the valves for the purposes set forth in the appealed claims.

Section 4888 of the Revised Statutes, U. S.C. title 35, sec. 33, 35 U.S.C.A. § 33, requires an applicant to explain the principle of his invention and "the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions."

In construing that section, the Supreme Court of the United States in the case of Continental Paper Bag Company v. Eastern Paper Bag Company, 210 U.S. 405, 418, 28 S.Ct. 748, 751, 52 L.Ed. 1122, stated:

"An inventor must describe what he conceives to be the best mode, but he is not confined to that. *If this were not so most patents would be of little worth.* 'The principle of the invention is a unit, and invariable; the modes of its embodiment in a concrete invention may be numerous and in appearance very different from each other.' 2 Robinson, Patents, § 485." (Italics not quoted.)

That case, together with other decisions to the same effect, was cited and quoted from in the case of In re Kirschbraun, 44 F.2d 675, 18 C.C.P.A.,Patents, 735.

In the instant case, appellants have described what they considered to be the best mode of operation of their apparatus and also an alternative mode of operation.

It will be recalled that the Primary Examiner held that the appealed claims read on appellants' disclosure, which they obviously do. The claims were not rejected because they cover all means of producing the desired result, or because of prior art. Nor were they rejected by the examiner because they cover an inoperative structure. Accordingly, it is unnecessary for us to discuss the question raised by counsel for appellants as to whether the tribunals of the Patent Office have authority to reject a broad claim merely because it may cover one or more inoperative species. Assuming, however, without deciding, that they have such authority, we deem it not improper to say that the Board of Appeals has repeatedly held that the burden is upon the Primary Examiner to show that such a claim covers an inoperative species, and not upon the applicant to show that it does not. See Ex parte Riszdorfer, 34 U.S.P.Q. 338; Ex parte Johnson, 40 U.S.P.Q. 576; Ex parte Lilienfeld, 44 U.S.P.Q. 174; Ex parte Korpiun, 50 U.S.P.Q. 224; Ex parte Vickers, supra. See also rules 65, 66, and 135 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix.

In his statement to the Board of Appeals, the examiner stated that appellants had not disclosed how a single piston could operate the valves; that it was not immediately clear to him how such an apparatus could operate; and that appellants had failed to describe such a structure in their application.

In other words, as we understand the examiner's decision, he held the claims to be too broad because the applicants did not disclose in their application each specific embodiment of the invention covered by the appealed claims. That holding was affirmed by the Board of Appeals.

Obviously, the decision of the Board of Appeals, as well as that of the Primary Examiner, is not in accordance with the rule as stated in the solicitor's brief, that is, "that ordinarily in a mechanical case broad claims may be supported by a disclosure of a single form of the apparatus disclosed in an application." Nor is the board's decision in conformity with the statement contained therein that "in a

mechanical case an applicant may generally draw a broad claim on a single construction."

In mechanical cases, such as that here involved, broad claims may be supported by a single form of the apparatus disclosed in an applicant's application. See In re Kirschbraun, supra, and cases therein cited; Ex parte Kleinknecht, 49 U.S.P.Q. 680; Ex parte Vickers, supra.

For the reasons stated, we are of opinion that the appealed claims were improperly rejected. Accordingly, the decision of the Board of Appeals is reversed.

Reversed.