**In re HUNTER.**

Patent Appeals No. 5395.

Court of Customs and Patent Appeals.

Feb. 10, 1948.

Pennie, Edmonds, Morton & Barrows, of Washington, D. C. (Willis H. Taylor, Jr., of New York City, and C. M. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 2 in appellant's application for a patent for an invention relating to a laminated sound record.

Claims 3 and 4 in appellant's application were allowed by the Primary Examiner.

Appealed claim 2 reads: "A laminated sound record comprising a relatively thick core adapted to substantially provide the overall mechanical properties of the pressed record, and a thin playing surface of an aggregate including a binder and a first filler of comminuted diatomaceous earth having irregular particles varying in size from substantially less than a micron up to the order of four microns in largest dimension, and a second filler having substantially uniform size particles of the order of one-quarter micron permitting ready dispersion thereof both upon the surfaces of and between said diatomaceous earth particles, the ratio of binder to filler being of the order of one to three so that after pressing the particles of said fillers are homogeneously distributed in close relation substantially without intervals therebetween."

The application here involved discloses a phonograph record comprising a thick core and a thin playing surface. The core may be made of green slate filler, cotton flock, and a binder. The playing surface is composed of an aggregate of a binder and two fillers, the first filler being diatomaceous earth in the form of irregular particles of varying size, and the second filler being a finely divided material having substantially uniform particles of the order of one-quarter micron. Specific materials suggested for use as the second filler are titanium dioxide and Tibar HH, which is described as a precipitated pigment of titanium dioxide and barium sulfate.

The Primary Examiner rejected the appealed claim as unpatentable over certain prior art patents and also as indefinite and broader than the disclosure of the application because of its failure to identify specifically the substances used as the second filler and because it failed to state with sufficient definiteness the proportions of the two fillers. The board reversed the rejection on the prior art and held that the proportions of the fillers were properly defined, but sustained the rejection on the ground that the material used as the second filler was not sufficiently identified. The last mentioned rejection, therefore, is the only issue to be considered in this appeal.

It was the position of the examiner and the board that the nature of the material of which the second filler is composed, and the size of the particles of that filler, were the essential factors in the elimination of surface noise when the record is played, and that, therefore, the claim should be limited to the substances expressly stated to be suitable for use in that filler.

No chemical reaction between the materials used is involved. So far as is stated in appellant's application, the only essential characteristic of the second filler is that its particles shall be of a uniform size of the order of one-quarter micron. It does not appear that the titanium compounds specifically referred to in the application have any property which peculiarly fits them for use in the filler except that they can readily be produced in particles of the required size. On the contrary, the application expressly states that "Other materials may be substituted for the material Tibar HH, for example titanium dioxide per se or any other of the known precipitated and extremely fine fillers and the like." The quoted statement, which clearly suggests that other suitable fillers would be known to those skilled in the art, was not questioned by the examiner, and, in his final rejection, the examiner stated that the

second filler "could obviously be diatomaceous earth." Owing to the fact that it is stated in appellant's application that materials other than those specifically named may be used for the second filler, and since it was obvious to the examiner that at least one class of other materials could be used, it was clearly improper to require that the claims be limited to the materials expressly named.

The Board of Appeals, as hereinbefore stated, reversed the examiner's rejection of the appealed claim on the prior art. Owing to the fact that the board held that the claim defined invention over the references despite the failure to name the substance used as the second filler, it is evident that the exact nature of this substance is not a characteristic essential to novelty. The claim, therefore, is not subject to the criticism made in General Electric Co. v. Wabash Appliance Corporation et al., 304 U.S. 364, 58 S.Ct. 899, 903, 82 L.Ed. 1402, of using indefinite language "at the exact point of novelty."

Although the board stated in its decision that " * * * we are not convinced that all materials of the small particle size stated in the claim would be suitable for appellant's purpose," the board did not mention any substances which in its opinion would not, or might not be suitable. Neither the applicant, the examiner, nor the board has given any reason for supposing that Tibar HH and titanium dioxide have any peculiar property which would make them particularly suitable for appellant's purpose. Under the circumstances, there appears to be no reason why the statement in appellant's specification that any of the known precipitated and finely divided fillers may be used, should be held to be indefinite, or why a claim, such as claim 2, which is commensurate with appellant's disclosure, should be refused on the ground of indefiniteness.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.

By reason of illness, O'CONNELL, Judge, was not present at the argument in this case and did not participate in the decision.