36 C.C.P.A.(Patents)

## Application of WHITFIELD.

### Patent Appeal No. 5582.

United States Court of Customs and Patent Appeals.

April 12, 1949.

138

Campbell, Brumbaugh, Free & Graves, of New York City (Walter H. Free and Byron T. Gardner, both of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 19 to 23, inclusive, in appellant's application for a patent for a method of coating a metal surface. All of the claims were rejected on the ground of lack of invention over the prior art cited. Claims 20, 21, and 23 were also rejected as being broader than the invention disclosed in appellant's application.

Claims 19 and 20 are sufficiently illustrative of the appealed claims. They read:

"19. A method of coating a metal surface article with a compatible dissimilar metal, which comprises introducing that portion of the article to be coated into a high frequency electric field to thereby heat said portion to a temperature at least as high as the melting point of said dissimilar metal and to a predetermined depth substantially less than the thickness of the article at that point while the remainder of the article remains at a temperature substantially lower than said first named temperature, forthwith contacting said dissimilar metal and said heated portion of the article at a temperature inducing mutual solution coaction between the surface metal of the article and said dissimilar metal, the volume and temperature of said remainder of said article in comparison with the volume and temperature of said heated portion of the article being such as to immediately arrest said coaction by cooling said portion by abstraction of heat therefrom and from the molten metal overlying the same by conduction into the said low temperature remainder of the article to thereby provide a layer of said dissimilar metal bonded to said article, and then separating the resulting unitary composite metal-to-metal structure of said article and said dissimilar metal layer from any remaining molten metal.

"20. A method of coating a metal surface article with a compatible dissimilar metal, which comprises heating that portion of the article to be coated to a temperature at least as high as the melting point of said dissimilar metal and to a predetermined depth substantially less than the thickness of the article at that point and while the remainder of the article remains at a temperature substantially lower than said first named temperature, forthwith applying said dissimilar metal in a molten state to said heated portion, the volume and temperature of said remainder of said article in comparison with the volume and temperature of said heated portion of the article being such as to immediately arrest said coaction between the surface metal of said article and said molten metal and the molten metal engaging said portion being simultaneously congealed into a layer of substantial thickness by cooling the said portion by conduction of heat therefrom into the said low temperature remainder of the article, and separating said article and congealed layer from said molten dissimilar metal before said remainder of the article is heated to the melting point of said dissimilar metal, whereby said congealed layer of said dissimilar metal remains adhered to said portion of said article."

The references relied on are: Fourment 1,726,431 August 27, 1929; Dellgren 2,135,388 November 1, 1938; Sendzimir 2,197,622 April 16, 1940; Quarnstrom 2,216,519 October 1, 1940; Schon 2,235,729 March 18, 1941; McMinn 2,237,309 April 8, 1941.

Appellant's alleged invention relates to the coating of one metal with another. Appellant considers it desirable to apply a thin coating since, as stated in his application, a thick coating may be too brittle. The method claimed consists essentially in heating the metal body to be coated in such a way that the temperature of its outer surface, to a predetermined depth, is raised to a temperature at least as high as the

melting point of the coating metal, while the inside of the body remains at a substantially lower temperature than its surface and then immediately contacting the surface of the body with the coating metal at a temperature sufficient to induce mutual surface coaction, i.e., alloying, of the two metals. Under those circumstances it is stated in the application that the cooler subsurface temperature of the body will arrest the alloying of the two metals, thus resulting in a thin coating. The specific means disclosed in the application for heating the surface of the body is the induction of a high frequency electric current.

The patent to Fourment relates to a process for the surface treatment of metals. In that process the metal to be treated is immersed in the treating medium, which may be a solid, liquid, or gas, and the surface of the body is heated by the induction of a high frequency current. Although it is stated in the patent that the heating is confined chiefly to the surface of the metal, there is no preliminary heating of metal prior to exposing it to the treating medium nor is there any disclosure of heating the metal to a predetermined depth in order to limit the thickness of a coating.

The patent to Dellgren discloses a method of coating iron or steel articles with aluminum, in which the articles are immersed in a heated salt bath and are then brought into contact with the coating material. Some of the claims of the patent refer to the heating of the surface of the iron or steel, while others refer to the heating of the article. There is nothing in the patent to indicate that it is preferable that the surface alone should be heated, nor is there any disclosure of heating to a predetermined depth only to regulate the thickness of the coating.

The patents to Sendzimir, Quarnstrom, and Schon disclose the heating of metal articles to be coated, prior to contacting them with the coating material, but none of those patents discloses the idea of heating to a predetermined depth only in order to form a thin coating.

The patent to McMinn discloses the use of electric induction heating to raise the temperature of a metal article which is to be welded, but contains no disclosure of limiting such heating as to depth.

As has been indicated in the foregoing discussion, none of the references discloses appellant's idea of heating the surface of the base metal to a predetermined depth only and immediately thereafter applying the coating metal. By means of that procedure the alloying of the base and coating metals is arrested at the desired depth by the lower temperature of the unheated mass of the base metal, thus producing a coating of a definitely limited thickness. This procedure is set forth in each of the appealed claims and is not disclosed or fairly suggested by any of the references and, so far as the references are concerned, clearly produces an unobvious and desirable result. · We are of opinion, therefore, that the appealed claims define an invention which is patentable over the references.

The rejection of claims 20, 21, and 23 on the ground of undue breadth was based on the fact that those claims were not limited to high frequency electric heating, which is the only specific method of heating disclosed in appellant's application. It is obvious that the essential feature of the claimed process is the heating to a predetermined depth only, and that, so far as the actual coating is concerned, it is immaterial what specific process of heating is used. In the instant case, although only one heating process is described, it is obvious that heating to a predetermined depth could be effected by other processes as, for example, by exposing the article to a high temperature for a limited time only. Since the heating of the article begins at the surface and spreads inwardly, should the article be withdrawn after a predetermined interval, it would be heated only to a predetermined depth below the surface. The same effect might be obtained, where one surface only was to be coated, by applying heat to that surface and cooling the remainder of the article.

Since the use of heating processes other than that expressly disclosed in appellant's application is obvious, it is not necessary that the claims should be limited to a single process of heating. See In re Vickers et al., 141 F.2d 522, 31 C.C.P.A., Patents, 985, and

In re Hunter, 166 F.2d 189, 35 C.C.P.A., Patents, 931. We are of opinion, therefore, that the subject matter defined in claims 20, 21, and 23 is not broader than the disclosure in appellant's application.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.