38 C.C.P.A.(Patents)

## In re CRESSWELL.
### Patent Appeals No. 5717.

United States Court of Customs and
Patent Appeals.

Feb. 27, 1951.

Rehearing Denied March 30, 1951.

O'Connell, J., dissented.

Ellis S. Middleton, Stamford, Conn. (Edmund H. Parry, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C., for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner finally rejecting, as unpatentable over prior art, claims 21 to 23, inclusive, in appellant's application for a patent relating to collagenous articles and the method of making them. The claims were further rejected as being indefinite.

The appeal was argued on May 11, 1950, and on June 30, 1950, the court rendered its decision which reversed the holdings of the Patent Office. On August 16, 1950, the Solicitor for the Patent Office filed a petition for rehearing on that portion of the court's decision wherein we held the involved claims were sufficiently definite to meet the statutory requirements.

The petition was granted and argument was had thereon January 10, 1951.

All of the claims of the application were rejected by the examiner, but ten process claims, Nos. 3, 6, 8, 9, 10, and 14 to 18, inclusive, were allowed by the Board of Appeals.

The references relied on are: Schulte 2,039,262 April 28, 1936; Naturin (British) 482,628 April 1, 1938; Highberger et al. 2,374,201 April 24, 1945.

The appealed claims read:

"21. A multifilament strand consisting principally of regenerated collagen, free from any material insoluble in a dilute aqueous solution of an organic acid, including fibers.

"22. A unitary strand of coalesced filaments, said filaments consisting principally

of regenerated collagen, free from any material insoluble in a dilute aqueous solution of an organic acid, including fibers.

"23. A shape consisting principally of regenerated collagen, free from any material insoluble in a dilute aqueous solution of an organic acid, including fibers."

Appellant's application relates to a method of making threads, strands, and tapes, either of a single or multifilament variety, in any length, from collagen or collagenous materials, for use principally as surgical sutures. Such threads or strands are uniform throughout as to size, strength, toughness, and capacity for chemical or indirect sterilization.

Collagen is a proteinous ingredient of the hide, skin, and muscles of vertebrates and occurs therein as fibrous matter; is in itself insoluble in water but, by suitable treatment in water at a high temperature, may be converted to gelatin.

Two questions are to be decided by this court; namely, does the prior art teach or disclose to one skilled in the art the making of the product disclosed in the rejected claims; and are the involved claims so vague or indefinite as to preclude patentability.

In deciding the first question, it is thought proper to point out that while both the board and the examiner relied mainly on the British patent, they also referred to the patents to Schulte and Highberger et al.

An examination of the British patent leads us to believe that the patentee did not produce, nor did he intend to produce, a product completely free of fibers or of the insolubles referred to by appellant. Both tribunals of the Patent Office construed the following language from the British patent as applicable to the limitation of the involved claims: "The boundaries between swelling and solution may even be caused to disappear to such an extent, that the individual fibres can no longer be recognised and the resulting mixtures can be forced through fine filters."

It is important to note, however, that immediately following the above quoted language, it is stated that "The resulting *fibrous masses* rich in water are shaped, * * *". (Italics ours.) Appellant, on the other hand, repeatedly states, and the claims set forth, that his product is "free from any material insoluble in a dilute aqeous solution of an organic acid, *including fibers."* (Italics ours.)

While the Patent Office tribunals stated that the Naturin disclosure is cumulative to the patents to Schulte and Highberger et al., it is to be observed that the patent to Highberger et al. relates primarily to collagen *converted* to gelatin, and that Schulte states that "The present invention is based on the concept that in order to manufacture products of exceptional quality, on the one hand, the *fibrous structure* of the starting material *must be maintained* and, on the other hand, the individual fibres must be brought into better combination with one another than hitherto." (Italics ours.)

The board agreed that appellant's product exhibits in evidence, produced by appellant's process, differ from the products of the cited prior art. In that connection the board stated: "* * * A comparison between exhibits 4 to 8 and exhibits 9 to 20 cannot help but impress us with the obvious superiority of appellant's process in giving a product having materially greater dry and wet strength, greater flexibility and finer diameter as compared with the products of the references. In the absence of any convincing adverse criticism of the affidavit and exhibits by the Examiner, it is clear to us that this showing must be accepted at face value."

We are of opinion that appellant's disclosure that his product is completely free of fibrous material and of any material insoluble in a dilute aqueous solution of an organic acid is not disclosed nor taught in the cited references and, therefore, he has produced a material that is new and different in kind from the products of the prior art, and that the exercise of invention was required to make such product.

Therefore we again hold as we did in our original decision that appellant's disclosures are not to be found in the prior art.

634

The second question to be disposed of is whether the involved claims are so vague and indefinite as to preclude patentability.

It is thought proper at this point to advert to what Congress has said are the requirements to be met for a patent. This expression is found in R.S. § 4888, as amended, 35 U.S.C.A. § 33, and reads as follows: "Before any inventor or discoverer shall receive a patent for his invention or discovery he shall make application therefor, in writing, to the Commissioner of Patents, and shall file in the Patent Office a written description of the same, and of the manner and process of making, constructing, compounding, and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same; * * * *and he shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery. The specification and claim shall be signed by the inventor. * * * *"* (Italics ours.)

■■ One of the most recent interpretations of this statute is found in Graver Tank & Mfg. Co., Inc. v. Linde Air Products Co., 336 U.S. 271, 277, 69 S.Ct. 535, 538, 93 L.Ed. 672: "The statute makes provision for specification separately from the claims and requires that the latter 'shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery.' * * * *It would accomplish little to require that claims be separately written if they are not to be separately read."* (Italics ours.)

As is pointed out by the solicitor in his petition for rehearing, this court has repeatedly made similar holdings citing, among others, In re Crowell, 84 F.2d 206, 208, 23 C.C.P.A., Patents, 1246, in which we said: "* * * However, whatever the specification and drawings may show in that respect, the *claims* themselves do not contain the feature in any form, and it would seem that appellant is insisting that

a limitation which he did not himself express in the claims shall be read into them by the Patent Office or by this court. This court, following the principle announced by the Supreme Court of the United States in the case of McCarty v. Lehigh Valley Railroad Co., 160 U.S. 110, 16 S.Ct. 240, 40 L.Ed. 358, has again and again held that limitations not in the claims need not be considered."

Also in the case of Application of Custer, 173 F.2d 226, 229, 36 C.C.P.A., Patents, 927, it was said: "* * * it is well understood that applicants for patents may not have read into their claims limitations *not expressed therein although emphasized in their application.* * * * *"*

Counsel for appellant states that "claims should not be read *in vacuo.*" We readily agree with that statement but we cannot avoid the statutory requirement that the applicant must rely on the *claims themselves* to "particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery." There is no contention on the part of the Patent Office that the invention is not sufficiently disclosed in the specification, but it does contend that the claims themselves do not properly define it.

For example, rejected claim No. 21, which is illustrative, reads as follows: "A multifilament strand consisting principally of regenerated collagen, free from any material insoluble in a dilute aqueous solution of an organic acid, including fibers." In our opinion, as was stated below, the meaning of that paragraph may be construed in a number of ways. Despite such ambiguity we gave appellant the benefit of the doubt in holding in our original opinion that he intended to claim a product which was free from fibers and also free from any material insoluble in a dilute aqueous solution of an organic acid.

It is stated in appellant's *specification* that "Any organic acid is satisfactory, although from 0.05 to 0.10N formic acid or 0.5 to 1.0N acetic acid are preferred. *Any other* concentration of *other organic acids* may be used *so long as the pH* of the solution *falls within the specified range.*"

(Italics ours.) There is nothing in the involved *claims* to indicate what the pH of the solution is. Consequently, vagueness and indefiniteness may be predicated on that lack alone.

The board also held that the expression "consisting principally of regenerated collagen" is indefinite and vague as to just what is intended to be covered and that it merely states what the minor portion is not. We agree with that holding.

It is obvious that the regenerated collagen could consist of at least 51 per centum of the finished article while other materials could easily be as high as 49 per centum. It seems reasonable to us, as is argued by the solicitor in his brief, to believe that many different kinds of products would result in the allowable changing of the quantities of the other ingredients with respect to the quantity of the collagen.

The rejected claims are drawn to a product of specified composition irrespective of the method by which it is made. As is argued by the solicitor in the petition for rehearing and not controverted by counsel for appellant in his opposition thereto, the defined product might be made by mixing pure collagen with any suitable material soluble in an organic acid. Clearly such method is different from that claimed by appellant.

We erred in our former decision for the reason that we held the product claims to be patentable. The method claims were held to involve invention. By reason of that holding and because of the conceded superiority of the product of appellant and for the further reason that we held the prior art to be inapplicable, we inadvertently considered the product claims to be limited by appellant's process and therefore we improperly read into the rejected claims method limitations of the application.

We are now of the opinion that the involved claims cannot properly be held to be patentable without reading into them limitations which, although they appear in the specification, are not set out in the claims.

It is our considered opinion for the reasons set forth herein that the rejected claims do not conform to R.S. § 4888. The decision of the Board of Appeals is affirmed.

Affirmed.

O'CONNELL, Judge (dissenting).

On appeal from the rejection of claims 21–23 of appellant's application for a patent "For Collagenous Strands and Method of Making Same," this court by unanimous decision on June 30, 1950, reversed the decision of the Board of Appeals and in so doing held, on the point raised here now, that "the claims are sufficiently definite to define the product in a patentable sense."

The petition of the solicitor for rehearing on the involved portion of the court's decision was filed August 16 and granted December 1, and the majority upon reconsideration has reached the conclusion that the original disposition of the appeal was erroneous and the decision of the board on the point in issue here should have been affirmed in the first instance.

I am convinced now, as I was then, that the original decision on the point in question, openly arrived at in judicial conference, was correct.

The petition for rehearing was based upon two points of alleged error, both of which were limited to matters of form rather than of substance. The solicitor has first asserted here that, contrary to the long-established practice, the original decision of the court in the construction of the appealed claims "quotes a portion of the specifications and, apparently, reads the limitation there set forth into the claims" ; and, secondly, that the court used "as a test of definiteness of the claims, their sufficiency to enable one skilled in the art to make and use the invention."

Assuming for the sake of argument that a heresy does reside in the language quoted by the solicitor, and that no person skilled in the art would discern the obvious inadvertence exposed thereby, nevertheless the court has the inherent power, and in a proper case has exercised it, to grant a petition for rehearing solely for

the purpose of permitting the court to revise certain language in its original opinion without effecting any change whatsoever in the original conclusion of the court.[1]

There is no contention by the solicitor in the present proceedings that appellant's invention is not sufficiently disclosed in the specification. That specification and the appealed claims must be read together for the purpose not only of enabling any person skilled in the art to practice the invention but also to define the invention and avoid infringement of the prior art.[2]

Counsel for appellant correctly summarized in their brief the situation upon which appellant is still entitled to the allowance of the appealed claims: "The specification makes clear that the invention encompasses collagen or 'collagenous materials' which have been freed of the acid insoluble impurities explicitly excluded by the language of the claims. None of the prior art shows collagenous shapes free from fibers and other material insoluble in dilute organic acids. The specification makes clear that there is no criticality as to the kind of organic acid. The claims set forth the product with clarity and particularity so far as concerns exclusion of critical impurities. They define it in a manner by which it may easily be recognized and clearly distinguish it from the prior art."

The cases cited as controlling in the solicitor's brief, and in the majority opinion, do not relate to interpretation of limitations already expressed in the presented claims but concern the importation of limitations into the claims where no limitations were originally expressed therein.

On the point last mentioned, counsel for appellant state in their brief:

"* * * Thus in Graver Tank and Mfg. Co. v. Linde Air Products Co., [336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672], the court properly refused to introduce into some of the claims limitations which were explicitly contained in other claims. In re Crowell, 84 F.2d 206, 23 C.C.P.A., Patents, 1246; In re Pinkerton, 115 F.2d 823, 28 C.C.P.A., Patents, 803; Application of Custer, 173 F.2d 226, 36 C.C.P.A. Patents 927, stand for the sound proposition that the court will not save a claim which the prior art meets by importing into it a limitation not expressed in the claim. That is not the case at bar.

"Here the question is whether the meaning of the claim phrase 'free from any material insoluble in a dilute aqueous solution of an organic acid, including fibers' is sufficiently clear and definite. * * *"

With respect to R.S. § 4888: "This only requires that the claims point out the invention, not that they redescribe it";[3] and "As in the case of any other claim, a product claim may, and indeed must, be read upon the specifications: its terms are no more than a shorthand from the fuller explanation which the specifications should contain."[2] Accordingly certain features of an invention which are not called for in terms by the limitations of a claim may be gathered from the specification for the purpose of restricting the claim so that it shall meet the requirements of the inventive idea.[4]

The specification and claims when read together in the instant case enable any person skilled in the art to practice the invention. Since there is no prior art relied upon, the matter of the infringement thereof is not before the court and the record presented clearly authorizes the allowance of the appealed claims.

For the reasons stated, the original decision of the court should be affirmed.

1. Winkelmann v. Calvert, 154 F.2d 1012, 33 C.C.P.A., Patents, 1206.

2. Musher Foundation v. Alba Trading Co., 2 Cir., 150 F.2d 885, 888.

3. Petersen v. Coast Cigarette Vendors, Inc., 9 Cir., 131 F.2d 389, 391; see also Shull Perforating Co. v. Cavins, 9 Cir., 94 F.2d 357, 364.

4. In re Hunter, 166 F.2d 189, 35 C.C.P.A., Patents, 931; Charles Peckat Mfg. Co. v. Jacobs, 7 Cir., 178 F.2d 794, 797, certiorari denied 339 U.S. 915, 70 S.Ct. 575.