477 F.2d 1160
 178 U.S.P.Q. 1
 WESTWOOD CHEMICAL, INC., Plaintiff-Appellant,
v.
JOHNS-MANVILLE FIBER GLASS, INC., Defendant-Appellee.
WESTWOOD CHEMICAL, INC., Plaintiff-Appellant,
v.
CERTAIN-TEED PRODUCTS CORPORATION, Defendant-Appellee.
WESTWOOD CHEMICAL, INC., Plaintiff-Appellant,
v.
FERRO CORPORATION, Defendant-Appellee.
 Nos. 72-1743, 72-1744, 72-1803.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 30, 1973.
Decided May 4, 1973.
 
 1
 Marshall I. Nurenberg, Cleveland, Ohio, Theodore A. TeGrotenhuis, Olmsted Falls, Ohio, C. D. Lambros, Cleveland, Ohio, on brief; Paul Weick, Akron, Ohio, Walter J. Blenko, Pittsburgh, Pa., of counsel, for plaintiff-appellant.
 
 
 2
 C. Willard Hayes, Washington, D. C., and John Lansdale, Jr., Cleveland, Ohio, for defendants-appellees.
 
 
 3
 Robert W. Poore, Barry L. Springel, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for Johns-Manville, Fiber Glass, Inc.; Robert M. Krone, Denver, Colo., C. Willard Hayes, Cushman, Darby & Cushman, Washington, D. C., Warren Daane, Cleveland, Ohio, William Webb, Pittsburgh, Pa., of counsel.
 
 
 4
 John Lansdale, Jr., James M. Phemister, Cleveland, Ohio, on the brief for Certain-Teed Products Corp. and Ferro Corporation; Squire, Sanders & Dempsey, Cleveland, Ohio, of counsel.
 
 
 5
 Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and KENNEDY,* District Judge.
 
 
 6
 KENNEDY, District Judge.
 
 
 7
 These consolidated appeals arise out of protracted patent litigation beginning in 1962. In two cases (Nos. 72-1744 and 72-1803), plaintiff-appellant Westwood Chemical, Inc. seeks review of the refusal of the District Court to set aside consent judgments dismissing patent infringement actions against defendants-appellees Certain-Teed Products Corporation and Ferro Corporation. In the third case (No. 72-1743), Westwood appeals from the District Court's entry of a judgment of dismissal of its patent infringement action against defendant-appellee Johns-Manville Fiber Glass, Inc.
 
 
 8
 An understanding of the issues raised by these appeals requires a brief review of the history of these cases. Over a period of several years, Westwood brought multiple patent actions alleging infringement of its patents Nos. 2,742,378 and 2,841,566. Both patents are in the nature of process and product patents relating to "treating fillers, pigments and fibers with unsaturated organo-silanes for use in reinforcing polyester resin bodies." Westwood Chemical, Inc. v. Owens-Corning Fiberglas Corp., 445 F.2d 911, 912 (6th Cir. 1971), cert. denied, 405 U.S. 917, 92 S.Ct. 941, 30 L. Ed.2d 786 (1972). In each instance Westwood generally alleged infringement of the patents without specifying particular claims, although it appears that the two patents together comprised 42 claims. The earliest such action was filed against Ferro on September 12, 1962. On June 10, 1963, a second action was brought against Owens-Corning Fiberglas Corporation and Johns-Manville. Shortly thereafter, the claims against Owens-Corning and Johns-Manville were severed for trial by the District Court. On October 25, 1967, a third suit was begun against Certain-Teed. Three additional actions were later brought against other corporations, none of which is involved on these appeals.
 
 
 9
 In 1967, Westwood moved to have the actions against Ferro, Owens-Corning and Johns-Manville consolidated for trial, on the basis that the questions of law and fact raised by each of the defendants as to both non-infringement and validity were identical. Early in 1968, Westwood filed further motions to consolidate all seven actions. These motions were opposed by the defendants, four of whom were direct competitiors, because they feared that consolidation would require disclosure to one another of trade secrets relating to manufacturing processes. Ferro pointed out, furthermore, that Ferro, Owens-Corning and Johns-Manville had been cooperating in their preparations for their defense with the understanding among counsel that the Owens-Corning case would be tried first, although in the ordinary course of events the suit against Ferro, which was the oldest, would have been tried first, and that the parties had relied upon that understanding. Ferro also argued that consolidation would unreasonably delay trial of the then approximately six-year-old case against it.
 
 
 10
 With the proceedings in this posture, Westwood, Ferro, Johns-Manville and later Certain-Teed entered into a stipulation providing in relevant part:
 
 
 11
 1. The case of Westwood Chemical, Inc. v. Owens-Corning Fiberglas Corporation, Civil Action No. C63-460, as severed, shall be the first case of the above enumerated cases to be tried.
 
 
 12
 2. The final decision (including appeals) as to the validity of the United States Patents Numbers 2,742,378 and 2,841,566, in the case of Westwood Chemical, Inc. v. Owens-Corning Fiberglas Corporation, Civil Action Number C63-460, as severed, shall be final and binding upon all parties hereto, the same as if each defendant were a party to said case.
 
 
 13
 Plaintiff then withdrew its motions to consolidate.
 
 
 14
 At the trial of the Owens-Corning case, only certain of the claims under the patents were placed in issue by plaintiff. This election of claims was made subsequent to the filing of the stipulation. The District Court held both patents to be totally invalid for obviousness to one having ordinary skill in the art. On appeal, this Court modified the judgment of the District Court by restricting the determination of invalidity to the claims actually in issue at trial, since Owens-Corning had not sought declaratory relief as to the remaining claims. Owens-Corning, supra, 445 F.2d at 913.
 
 
 15
 Following denial by the Supreme Court of Westwood's petition for certiorari, 405 U.S. at 917, 92 S.Ct. 941, the attorneys for appellees Ferro and Certain-Teed sent proposed forms of judgments of dismissal of those cases to Westwood's trial counsel, who, while still counsel of record, had been relieved of active management of the Westwood cases. He endorsed the judgments with his approval and forwarded them to T. A. TeGrotenhuis, the patentee and an officer of Westwood, who also was (and is still) an attorney for the corporation, requesting that he review them. Mr. TeGrotenhuis, in turn, forwarded the judgments to counsel for Ferro and Certain-Teed, and they were entered by the District Court on March 20, 1972. These judgments, entered by consent of the parties, referred to the parties' stipulation, by which "it was agreed that the final decision (including appeals) as to the validity of the United States Patents Nos. 2,742,378 and 2,841,556, in the case of Westwood Chemical, Inc. v. Owens-Corning Fiberglas Corporation, . . . should be final and binding upon all the parties hereto, the same as if the defendant were a party to said case."[1]
 
 
 16
 Thereafter, Westwood's present counsel filed motions to set aside these consent judgments. Westwood argued that the judgments should be limited to dismissal of those claims under the patents whose validity had actually been adjudicated in the Owens-Corning case, and that as to the remaining claims the actions against Ferro and Certain-Teed should be reinstated. The District Court declined to reinstate any portion of the actions or to modify the previous judgments, and it is from this ruling of the District Court that Westwood appeals in two of the cases before us for review (Nos. 72-1744 and 72-1803).
 
 
 17
 In Johns-Manville (No. 72-1743), Westwood appeals from an order and judgment of the District Court, entered June 7, 1972, upon motion of the defendant, dismissing the complaint. In dismissing the suit against Johns-Manville, the District Court relied upon the stipulation, supra, which was the basis for the consent dismissals in Ferro and Certain-Teed.
 
 
 18
 As already indicated, the parties stipulated that as to the validity of the patents in suit, the final decision in the Owens-Corning case would be final and binding upon all parties, the same as if each defendant were a party to that case. Insofar as Owens-Corning is concerned, the decision in its case is res judicata as to all of the claims under the two patents belonging to Westwood, not simply those actually litigated and found to be invalid, since Westwood cannot litigate such claims piecemeal. Appellees take the position that the same prohibition against piecemeal litigation must be applied in the actions brought against them in order to give effect to the language in the stipulation "the same as if each defendant were a party to said case." Westwood argues, on the other hand, that the stipulation is limited to the validity of the patent claims actually asserted against Owens-Corning, that it is, therefore, entitled to assert against appellees infringement of the balance of the claims under the patents, and that dismissal should accordingly be limited to the claims actually declared invalid in Owens-Corning.
 
 
 19
 No evidence has been offered as to the intent of the parties in entering into the stipulation, although numerous arguments have been made as to what must have been intended. In his order in the Certain-Teed case denying plaintiff's motion to set aside the consent judgment of dismissal, the District Judge, who was familiar with the entire litigation, found the stipulation to be "quite direct and uncomplicated." He accorded to the stipulation its literal meaning treating Certain-Teed as if it were a defendant in Owens-Corning. The District Judge found support for this construction of the stipulation in the conduct of Westwood's trial counsel, who, "[b]ased upon his clear understanding of the case," had approved the judgment dismissing the complaint. Counsel had signed the stipulation, and was fully familiar with the facts and issues involved in the cases since he had tried, and handled the appeal of, the Owens-Corning case.
 
 
 20
 The District Court's construction of the stipulation is a sound one. If Westwood's interpretation were correct, there would have been no reason to use the language "the same as if each defendant were a party to said case." Perhaps the parties did not and, indeed, could not anticipate all of the circumstances which might arise (and in fact did arise) subsequent to the signing of the stipulation. They agreed, however, to confer a certain status upon all defendants signing the stipulation with the intention of achieving finality in the Owens-Corning trial. If it was Westwood's intent to reserve certain patent claims to assert against the remaining defendants, it should have said so. Clearly, none of the parties contemplated having the issue of validity tried piecemeal, which is the interpretation urged by Westwood.
 
 
 21
 The orders and judgment of the District Court are affirmed.
 
 
 
 *
 The Honorable Cornelia G. Kennedy, United States District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Quoting from the judgments entered by the District Court. The essential wording of the two judgments is the same