**WESTWOOD CHEMICAL, INC.,**
Plaintiff-Appellant,

v.

**MOLDED FIBER GLASS BODY COM-
PANY, Defendant-Appellee.**

No. 74–1016.

United States Court of Appeals,
Sixth Circuit.

Argued April 11, 1974.

Decided June 27, 1974.

As Amended July 9, 1974.

Marshal I. Nurenburg, Cleveland, Ohio, for plaintiff-appellant; T. A. Te-Grotenhuis, Cleveland, Ohio, on brief.

William H. Webb, Pittsburgh, Pa., for defendant-appellee; John M. Webb, Pittsburgh, Pa., and Warren Daane, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from the decision of the District Court wherein Westwood Chemical, Inc. was held to be estopped from asserting the validity of claims 5, 10, 12 and 13 of United States Patent No. 2,742,378. We affirm.

For an extensive discussion of the facts of this case reference is made to the opinion of District Judge William K. Thomas, reported at 181 U.S.P.Q. 134 (N.D. Ohio 1973). A summary of the pertinent facts will be stated in this opinion to the extent necessary to dispose of the issues presented on appeal.

This action began in 1963 when Westwood sued the Molded Fiber Glass Body Co. (MFG) for infringement of United States Patent No. 2,742,378, issued April 17, 1956, which relates to "Fillers Having Vinyl Siloxane Groups Bonded to the Surface Thereof and Copolymers Thereof with Ethylenically Unsaturated Polymerizable Monomers." In subsequent years Westwood sued a number of other companies on the patent, including the Owens-Corning Fiberglas Corporation. It was agreed that the Owens-Corning suit would be the first to be tried and that the result in that case would be binding on the parties. MFG, however, did not enter into that stipulation.

The District Court declared the '378 patent invalid, under 35 U.S.C. §§ 102 (a, f, g) and 103, in Westwood Chemical, Inc. v. Owens-Corning Fiberglas Corp., 317 F.Supp. 201 (N.D.Ohio 1970). On appeal, this court modified and affirmed the trial court's holding of invalidity, limiting it to the claims that were actually in issue, i. e., claims 1, 3, 4, 6–8, 11, 14, 15–19, 21, 23–26 and 28. 445 F. 2d 911 (6th Cir. 1971). Our affirmance was based on the grounds of obviousness, 35 U.S.C. § 103. Westwood's petitions for rehearing before this court and for certiorari were denied. 405 U.S. 917, 92 S.Ct. 941, 30 L.Ed.2d 786 (1972).

Thereafter, this court affirmed the District Court's dismissal, pursuant to the stipulation, of the actions against certain other parties. Westwood Chemical, Inc. v. Johns-Manville Fiber Glass, Inc., 477 F.2d 1160 (6th Cir. 1973).

MTG, relying on its position as a customer of the defendants in the Owens-Corning and Johns-Manville suits, and on Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), amended its answer to assert the defenses of res judicata and colateral estoppel on the basis of this court's decision in the Owens-Corning case.

Judge Thomas denied the res judicata defense and MFG has not appealed from that part of the court's decision. With respect to collateral estoppel, Judge Thomas conducted a full trial on the merits and held that the four claims in issue were for the same invention involved in Owens-Corning and presented the same questions decided in that litigation. He further held that Westwood had had a full and fair opportunity to litigate the validity of its patent in that suit. Thus, MFG was allowed to assert the judgment in Owens-Corning as an estoppel in this suit.

This appeal raises the following issues: 1) Is the defense of collateral estoppel available to bar the assertion of the validity of unadjudicated claims when such claims present the same questions that were decided in the litigation of the adjudicated claims? 2) Do the claims in issue present the same questions that were decided in the prior suit? 3) Did Westwood have a full and fair opportunity to litigate the validity of its patent in the prior suit.

### I.

As is necessary to the application of collateral estoppel pursuant to *Blonder-Tongue, supra,* resort first must be had to the decision itself. On its face *Blonder-Tongue* does not limit the defense to adjudicated claims, but rather speaks in terms of "issues" and "questions". The Court stated:

"Moreover, we do not suggest, without legislative guidance, that a plea of estoppel by an infringement or royalty suit defendant must automatically be accepted once the defendant in support of his plea identifies the *issue* in suit as the *identical question* finally decided against the patentee or one of his privies in previous litigation. Rather, the patentee-plaintiff must be permitted to demonstrate, if he can, that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.'" (Emphasis added.) (Footnote omitted.) 402 U.S. at 332–333.

 Since collateral estoppel is a defense grounded in public policy and notions of judicial administration, we see no reason to limit its application solely to adjudicated claims. Indeed, in a comprehensive discourse on the subject, the Supreme Court did not so limit it.

 Thus, we hold that, subject to the *Blonder-Tongue* exceptions, collateral estoppel is available as a defense when unadjudicated claims present questions of fact identical to the questions presented in the adjudicated claims; when

each unadjudicated claim merely restates, without significant difference, an adjudicated claim; and when none of the unadjudicated claims defines an invention separate and apart from the invention defined in the adjudicated claims.

 Westwood contends that such a holding is inconsistent with 35 U.S.C. § 282 which provides that "each claim of a patent . . . shall be presumed valid independently of the validity of other claims." We see no inconsistency. To the extent the statute requires all claims to be considered as separate entities, our holding is in accord. Westwood had a full trial on the merits of the claim identity issue, and the decision of Judge Thomas shows that the four claims were each considered separately. To the extent that the statute allocates the burden of proof of invalidity and places it squarely on the shoulders of the defendant, so too must the party asserting collateral estoppel establish claim identity. To the extent that § 282 quantifies the defendant's burden of proof, the presumption is overcome upon a finding that the unadjudicated claims are identical with claims that have been adjudicated invalid. Just as the presumption of validity has been rebutted when claims are held invalid, so it is also when unadjudicated claims are identical to invalid claims.

Westwood also places reliance on *Bourns, Inc. v. Allen-Bradley Co.,* 480 F.2d 123 (7th Cir.), cert. denied, 414 U. S. 1094, 94 S.Ct. 726, 38 L.Ed.2d 551 (1973), wherein the court limited collateral estoppel to claims that had been adjudicated in the prior action. We do not find *Bourns* persuasive. In that case the trial court had allowed a plea of estoppel because it concluded that the prior action had resulted in the invalidation of all claims of a patent. The United States Court of Appeals for the Seventh Circuit reversed, noting that the prior action had only invalidated certain claims and should not operate as an estoppel as to all claims. *Bourns* was decided on a motion for summary judg-

ment and claim identity was not an issue in the case. To the extent *Bourns* may be relevant to this case, it was eroded in Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc., 484 F. 2d 905, 908–909 (7th Cir. 1973). *See also,* Technograph Printed Circuits, Ltd. v. Martin-Marietta Corp., 474 F.2d 798, 801–802 (4th Cir.), cert. denied, 414 U. S. 880, 94 S.Ct. 68, 38 L.Ed.2d 125 (1973).

## II.

■ Judge Thomas, after reviewing all the evidence relevant to collateral estoppel, stated:

"Upon all the evidence it is determined and concluded that by a preponderance of all the evidence defendant Molded Fiber Glass Company has shown that unadjudicated claims 5, 10, 12 and 13 present questions of fact identical to the questions presented in the adjudicated claims; that each merely restates, without significant language differences, an adjudicated claim; and that none of these four unadjudicated claims defines an invention separate and apart from the inventions defined in the adjudicated claims." 181 U.S.P.Q. at 147.

Upon consideration of the briefs, the oral arguments of counsel and the record, we affirm Judge Thomas' holding of claim identity for the reasons set forth in his opinion, 181 U.S.P.Q. at 141–48.

Central to Judge Thomas' finding of claim identity was his interpretation of the claims in light of the specification. Relying on Noll v. O. M. Scott & Sons Co., 467 F.2d 295, 298–299 (6th Cir. 1972), cert. denied, 411 U.S. 965, 93 S. Ct. 2143, 36 L.Ed.2d 685 (1973), Westwood contends that it was error to narrow the scope of the claims in light of the specification. In *Noll* we stated:

*"It is often stated that the claims define the invention and that limitations in the specification will not be incorporated into unambiguous claims to uphold their validity. See* Graver

Tank & Mfg. Co. v. Linde Air Prod. Co., 336 U.S. 271, 277, 69 S.Ct. 535, 93 L.Ed. 672 (1949) *(Graver I).* Yet it is also stated 'that claims are to be construed in the light of the specifications and both are to be read with a view to ascertaining the invention.' United States v. Adams, 383 U.S. 39, 49, 86 S.Ct. 708, 713, 15 L.Ed.2d 572 (1966). We have considered the numerous cases on this issue and find the limitation-construction distinction to be unworkable. For example, in *Graver I,* the Court refused to 'limit' claims broadly reciting metallic silicates to those operative metallic silicates set forth in the specification, while in *Adams,* claims omitting any recitation of an electrolyte were 'construed' to require a water electrolyte. *See also* Sun Ray Gas Corp. v. Bellows —Claude Neon Co., 49 F.2d 886, 888–889 (6th Cir. 1931). Further, even if we were to adopt this distinction we are of the view that the present case is indistinguishable from *Graver I.*

"The trustees further urge that the rule applied by the District Court is logically inconsistent with the doctrine of equivalents. Under that doctrine, subject matter not literally embraced by the claim language will be held to be an infringement if it 'do[es] the same work in substantially the same way, and accomplish[es] substantially the same result.' Graver Tank & Mfg. Co. v. Linde Air Prod. Co., 339 U.S. 605, 608, 70 S.Ct. 854, 856, 94 L. Ed. 1097 (1950) *(Graver II).* The patent specification in the *Graver* cases described welding fluxes containing a major portion of one of nine specific metallic silicates, including manganese silicate. Some claims were directed specifically to alkaline earth metallic silicates, others generically to metallic silicates. The former were held valid and the latter invalid for overclaiming, the evidence showing that some metallic silicates not named in the specification were inoperative as fluxes. *See* Linde Air Prod. Co. v. Graver Tank & Mfg. Co., 167 F.2d 531 (7th

Cir. 1948). As noted above, the holding of invalidity of the generic claims was upheld in *Graver I*. The infringer used a flux containing manganese silicate, not an alkaline earth metallic silicate. It was held that the valid specific claims were infringed by application of the doctrine of equivalents on the ground that manganese silicate was equivalent to an alkaline earth metallic silicate. This ruling was upheld in *Graver II*. *Thus as we read the two Graver decisions, overly broad claims may not be narrowed to the limitations set forth in the specification, but narrow claims may be broadended to embrace 'equivalent' subject matter."* (Emphasis added.) *Id.*

Westwood has seized upon the italicized language, *supra*, in support of its argument, without giving consideration to the language of *Graver I*. In *Graver I* the Court specifically noted that resort to the specification was justified when the claims were ambiguous. 336 U.S. at 277. There is no question that the claims which Judge Thomas interpreted in light of the specification, i. e. adjudicated claims 3, 7, 11 and 15, were ambiguous. The specification was relied upon to construe the claims and to provide specific definitions for certain claim terminology.

The logical extension of Westwood's argument in effect would give these claims a construction broader than the teachings of the specification. This practice was specifically prohibited in Tillotson Mfg. Co. v. Textron, Inc., Homelite, 337 F.2d 833 (6th Cir. 1964), wherein we stated:

> "[A claim] must be read in the light of the specification and drawings. It may not be given a construction broader than the teachings of the patent." 337 F.2d at 838.

■ Westwood has tried to distinguish this language, arguing that the proper practice would be to declare the claims invalid for undue breadth, rather than to narrow them. This is true in a *Graver I* situation where the claims

are unambiguous and, simply, overbroad. Where, however, the claims are ambiguous, resort must be had to the specification to aid in their interpretation, even where the result is a narrowing of their scope. Indeed, in United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed. 2d 572 (1966), the Supreme Court narrowed the scope of the claims by resorting to the specification to supply a missing element.

### III.

■ ■ *Blonder-Tongue, supra,* requires the allowance of an estoppel plea unless the patentee was denied a full and fair opportunity to litigate the validity of the patent in the prior suit. 402 U.S. at 333. The patentee must be presented with a fair opportunity, procedurally, evidentially and substantively. *Id.*

■ Westwood relies upon the substantive aspects of the prior suit, contending that the court wholly failed to grasp the technical subject matter. Indeed, its claim that it was denied procedural and evidentiary fairness was quite properly rejected by Judge Thomas. That claim was fully adjudicated by this court in the *Owens-Corning* case, *supra,* 445 F.2d at 918, and was one of the principal grounds in Westwood's petition for rehearing before this court and in its petition for certiorari.

With respect to substantive fairness, Westwood contends that the court was misled by "false testimony" given by a principal witness in the *Owens-Corning* suit. Reliance is placed on an affidavit by a Dr. Serafini who characterized much of the testimony as "false and misleading." However, much of this affidavit was discredited by another affidavit of Dr. Serafini wherein he stated that the terms "false and misleading" originated with the inventor of the '378 patent. Dr. Serafini also stated that the testimony was such that chemists might disagree with one another.

Upon a thorough consideration of the briefs, oral arguments of counsel and

the record, we hold that Westwood has failed in its burden of showing that it was denied a substantively fair trial and adopt the reasons set forth by Judge Thomas, 181 U.S.P.Q. at 148–157.

Affirmed.