**In re Gordon GOULD.**

**Appeal No. 81–615.**

United States Court of Customs and Patent Appeals.

April 1, 1982.

Roy H. Wepner, Richard I. Samuel, Lerner, David, Littenberg & Samuel, Westfield, N. J., for appellant.

Joseph F. Nakamura, Sol., Fred E. McKelvey, Assoc. Sol., Washington, D. C., for Patent and Trademark Office.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

PER CURIAM.

The Commissioner has moved to remand this case. Appellant opposes the motion. After careful consideration of the arguments, we grant the Commissioner's motion.

### Background

Appellant is a pioneer in the laser art. He has appeared before this court previously as an appellant in two laser-related interferences. *Gould v. Hellwarth*, 472 F.2d 1383, 176 USPQ 515 (CCPA 1973); *Gould v. Schawlow*, 53 CCPA 1403, 363 F.2d 908, 150 USPQ 634 (1966). The application in this case claims an effective 1959 filing date through an extended chain of divisional and continuation applications. The Commissioner and appellant are currently engaged in a civil action under 35 U.S.C. § 145 testing whether a related application is entitled to an effective 1959 filing date.

Appellant gave the Commissioner notice of appeal, as required by law, on June 26, 1981, and filed the appeal on September 2, 1981. The case was put on the calendar to be argued March 9, 1982. A transcript of record was duly prepared, and appellant filed his brief on January 6, 1982. Six weeks later, on February 18, 1982, the Commissioner moved to remand. We temporarily removed the appeal from the calendar pending disposition of the motion.

The Commissioner contends that certain matters arose in preparation for the civil litigation which made it apparent that the present case is not ready for appeal. Specifically, the Commissioner has informed us, through the solicitor, that the Patent and Trademark Office (PTO) will enter a new rejection of the sole claim on appeal, and also newly reject a claim presently indicated to be allowable, whenever it regains jurisdiction over the subject application.

Appellant strenuously opposes remand. He argues that the solicitor has acted arbitrarily in tampering with the "quasijudicial" functions of the PTO while performing his executive function of defending its decisions. Appellant also argues that the solicitor acted improperly in making ex parte contact with the board and examiner, and in arrogating to himself their decision-making functions. Appellant additionally argues that a remand at this late date would be grossly unfair.

### OPINION

As this court stated in *In re Fisher*, 58 CCPA 1419, 1420, 448 F.2d 1406, 1407, 171 USPQ 292, 293 (1971):

> As we have often pointed out, we pass only on rejections actually made and do not decree the issuance of patents. After our decision in an ex parte patent case, the Patent Office can always reopen prosecution and cite new references, in which limited sense our mandates amount to remands.

Thus, in practical terms, a motion to remand in an ex parte patent case raises only an issue of timing, that is, we decide only whether the PTO will regain jurisdiction over an application immediately or after we have rendered a decision.

A remand is appropriate in this case, appellant's arguments to the contrary notwithstanding. For example, much of appellant's argument is premised on a fundamental misconception of the role of the solicitor in an ex parte patent appeal. He is not an adverse party. He is legal counsel to the PTO, and charged with defending its decision. It is not improper for him to

discuss a case at any stage with the Commissioner, the board, or an examiner, even to ascertain the course of any prosecution after the PTO regains jurisdiction. Such discussion is neither impermissible "tampering," nor impermissible ex parte contact.

More timely action on the part of the PTO would have spared appellant the time, trouble, and expense of developing his appeal to such an advanced stage. Denying the Commissioner's motion would not, however, permit appellant to recover these outlays; nor would it have any significant impact on any further prosecution. The solicitor has informed us that several new rejections on grounds not before us are waiting in the wings. Appellant has not caused us to believe otherwise. Thus, to take up the merits of the sole rejection before us can only delay the ultimate disposition of this case. Judicial economy dictates granting a remand in these compelling circumstances.

Accordingly, this case is hereby remanded to the PTO Board of Appeals for such further action as may be appropriate.

REMANDED.