**Gordon GOULD, Appellant,**

v.

**Gerald J. MOSSINGHOFF, Honorable Commissioner of Patents and Trademarks, in his official capacity.**

**No. 82–2091.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 23, 1983.

Decided July 12, 1983.

William L. Mentlik, Westfield, N.J., with whom Roy H. Wepner, and Richard I. Samuel, Westfield, N.J., were on the brief for appellant.

Fred E. McKelvey, Associate Sol., with whom Joseph F. Nakamura, Sol., Washington, D.C., were on the brief for appellee.

Before WALD and EDWARDS, Circuit Judges, and SWYGERT,* Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit.

Opinion for the Court filed by HARRY T. EDWARDS, Circuit Judge.

HARRY T. EDWARDS, Circuit Judge:

In 1977, appellant Gordon Gould applied for a patent on certain laser technology. When the Commissioner of Patents and Trademarks ("PTO") rejected the application *in toto* for inadequate disclosure of the claimed invention, appellant sought *de novo* review in the District Court. The court did not address the merits of the inadequacy of disclosure issue, but instead granted summary judgment for the PTO solely on the ground of collateral estoppel, giving preclusive effect to findings of inadequate disclosure made in prior patent proceedings. Because these prior proceedings involved different inventions than the invention claimed in appellant's application, we hold that collateral estoppel does not apply. Accordingly, we reverse and remand for further proceedings.

### I.

Crucial to an understanding of the technology involved in this case are some basic facts about light amplifiers and laser oscillators. A light amplifier operates on light of a given intensity and produces light of a greater intensity, achieving this result by stimulated emission of radiation. A laser oscillator is a light amplifier with a feedback mechanism—typically a set of mirrors—that causes light to pass through the amplifier repeatedly, thus increasing amplification. Since population inversion, the physical phenomenon that creates stimulated emission of radiation, can be achieved by either of two methods, optical pumping or gas discharge, there are two basic kinds of light amplifiers: optically pumped light amplifiers, and gas discharge light amplifiers. And since every laser oscillator contains a light amplifier, there are like varieties of laser oscillators: optically pumped laser oscillators, and gas discharge laser oscillators.

Appellant is a recognized pioneer in the field of laser technology. He claims to have invented the light amplifier and coined the term "laser" in 1957. Since that time he has filed several applications in this country and abroad attempting to patent different varieties of light amplifiers and laser oscillators. On April 6, 1959, he initially filed U.S. patent applications containing a total of 56 claims drawn to at least a dozen separate and distinct inventions.[1] The scope of the disclosure made in these applications—and thus the extent of patent protection to which it entitles appellant—has been an issue in a number of subsequent patent proceedings.[2]

Soon after appellant's initial filing, applications were filed by Ali Javan and Robert Hellwarth claiming patent rights to laser oscillators that appellant had claimed in his 1959 applications. Interference proceedings to determine priority of invention ensued before the PTO's Board of Patent Interferences.[3] In *Javan v. Gould*, Int. No. 94,835

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (Supp. V 1981).

1. Serial Nos. 804,539–40.

2. Patent applicants must disclose information specified by 35 U.S.C. § 112 to obtain a patent. Section 112 provides, in part, as follows:

    The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

    The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

    35 U.S.C. § 112 (1976).

3. When two or more patent applications claim the same subject matter, the Board of Patent Interferences determines which applicant is the prior inventor. *See* 35 U.S.C. § 135(a) (1976). Patentability issues, including questions of disclosure, are among the issues that can be properly addressed in an interference proceeding. *See, e.g., Sze v. Bloch,* 458 F.2d 137, 141 (C.C. P.A.1972).

(PTO Board of Interferences, Dec. 17, 1969), the Board awarded Javan priority on gas discharge laser oscillators, and in *Hellwarth v. Gould,* Int. No. 94,837 (PTO Board of Interferences, Dec. 17, 1969), *aff'd,* 472 F.2d 1383 (C.C.P.A.1973), the Board awarded Hellwarth priority on Q-switched laser oscillators, a species of optically pumped laser oscillators. In both the *Javan* and *Hellwarth* interference proceedings, the Board ruled against appellant based on findings that he had inadequately disclosed the claimed inventions in his 1959 applications.[4]

Unable to obtain priority of invention on the laser oscillators claimed in *Javan* and *Hellwarth,* appellant filed applications claiming patent rights to light amplifiers. Under the continuing application procedure set forth by 35 U.S.C. § 120 (1976)—which entitles an applicant to the benefit of the filing date of an earlier filed parent application upon a showing that, as of that date, under 35 U.S.C. § 112 (1976), the parent application adequately disclosed the invention presently claimed—appellant filed applications copying light amplifier claims from his 1959 filings.[5] The PTO granted appellant's 1974 application for a patent on an optically pumped light amplifier.[6] In 1977, however, appellant unsuccessfully applied for a patent on a gas discharge light amplifier. Although the PTO rejected the 1977 application for inadequate disclosure,[7] nowhere did it suggest that anything in

*Hellwarth* or *Javan* collaterally estopped appellant on the disclosure question.

Appellant sought *de novo* review of the PTO's rejection of his 1977 application in the District Court.[8] The court granted summary judgment to the PTO without reaching the merits of the adequacy of disclosure issue, resting its decision entirely on collateral estoppel.[9] Since appellant's 1977 application can be construed to claim patent rights covering *both* light amplifiers and laser oscillators, the court reasoned, he must show adequate disclosure of a laser oscillator in order to receive a patent on the claimed invention. And because appellant was found to have inadequately disclosed laser oscillators in both *Javan* and *Hellwarth,* the court concluded, he is barred from raising that issue anew here.

This appeal followed.

## II.

### A.

▉ There is no doubt that in proper circumstances decisions of the Board of Patent Interferences may be given collateral estoppel effect.[10] However, the doctrine of collateral estoppel bars relitigation only of issues actually determined in prior litigation. *Commissioner v. Sunnen,* 333 U.S. 591, 597–98, 68 S.Ct. 715, 719–20, 92 L.Ed. 898 (1948). Fundamental to any application

---

4. The District Court noted that the opinion of the Court of Customs and Patent Appeals in *Hellwarth* is arguably based on the premise that appellant failed to disclose *any* underlying processes for achieving stimulated emission of radiation. *Gould v. Mossinghoff,* Civil Action No. 80–3287, Memorandum Opinion (D.D.C. July 21, 1982), *reprinted in* Joint Appendix ("J.A.") 9a, 13a n. 1 [hereinafter cited as Memorandum Opinion]. But the court expressly eschewed reliance on this reading of *Hellwarth,* and the PTO does not urge it here.

5. Because appellant obtained British Patent Specifications on light amplifiers in 1964, he is not entitled to a U.S. patent on the same subject matter unless he can antedate the British publications by more than one year. *See* 35 U.S.C. § 102(b) (1976), The parties agree that, because of this statutory bar, appellant may not receive a patent on light amplifiers unless he can obtain the benefit of his 1959 filing date.

6. In granting appellant's 1974 application, the PTO necessarily made an *ex parte* finding of adequate disclosure, and in subsequent infringement litigation the United States District Court for the Northern District of California expressly found adequate disclosure. *See Gould v. General Photonics Corp.,* 534 F.Supp. 399, 404 (N.D.Cal.1982).

7. *Ex Parte Gould,* No. 416–67 (PTO Board of Appeals, Oct. 30, 1980), *reprinted in* App. 23a.

8. *See* 35 U.S.C. § 145 (1976).

9. Memorandum Opinion, J.A. 9a.

10. *See* Gholz, *Collateral Estoppel Effect of Decisions by the Board of Patent Interferences,* 30 De Paul L.Rev. 789 (1981).

of the doctrine is that the issue or issues previously determined be identical to the issue or issues presently barred. *McCord v. Bailey,* 636 F.2d 606, 609 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). As this requirement has been interpreted in patent litigation involving continuation applications under 35 U.S.C. § 120, reviewing courts will apply collateral estoppel only after determining, based on a comparison of the prior adjudicated claims and the appealed claims, that the *invention* claimed in both prior and present proceedings is the same. The applicable rule was succinctly stated by the Court of Customs and Patent Appeals in *In re Szwarc,* 319 F.2d 277 (C.C.P.A.1963), *overruled in part on other grounds, In re Kirk,* 376 F.2d 936, 946 (C.C.P.A.1967), where, as here, the PTO argued that a prior finding of inadequate disclosure in a parent application had collateral estoppel effect:

> [We must] determine, by comparing the appealed claims and the claims rejected in the parent case, whether the "invention" of the appealed claims is the same or is different from "the invention" in the prior rejected claims. Only after such a comparison can it be decided if estoppel by judgment or collateral estoppel prevents us from making a determination of whether, under 35 U.S.C. § 120, the appealed claims are entitled to the benefit of the filing date of the earlier filed parent application.

*In re Szwarc,* 319 F.2d at 282. *See also In re Fried,* 312 F.2d 930, 933 (C.C.P.A.1963); *Weeks v. Warp,* 221 F.2d 108, 109 (D.C.Cir.

1955) (per curiam); *Hemphill Co. v. Coe,* 121 F.2d 897, 898 (D.C.Cir.1941) (Rutledge, J.).[11] The statutory policy in favor of granting patent applications supports this strict approach to the identity of issues requirement.[12] Absent substantial identity of inventions, we would rather err on the side of granting a hearing on the merits than summarily deny patent rights to which an applicant may be statutorily entitled.

## B.

■ The issue identity requirement is plainly unsatisfied here. The *Javan* interference proceeding bars appellant from attempting to disclose a gas discharge laser *oscillator.* Appellant, however, advances a different claim that principally concerns a gas discharge laser *amplifier.* The PTO concedes that amplifiers are different from oscillators, but contends, as the District Court reasoned, that appellant's claims can be construed to cover laser oscillators as well as laser amplifiers, and hence that the findings in *Javan* and *Hellwarth* of failure to disclose an oscillator bar a showing of adequate disclosure here.

We can accept neither the premise nor the conclusion of this argument. Appellant repeatedly asserts that he only "seeks a patent on a gas discharge light amplification apparatus."[13] We have serious doubts whether his claims reasonably may be construed to cover anything more than this, especially in light of his disclaimer of any broader claim. Since the scope of disclosure required to support a claim depends upon

---

**11.** The identity of issues requirement has been interpreted in similarly narrow fashion in patent infringement litigation. *See Plastic Container Corp. v. Continental Plastics of Okla., Inc.,* 607 F.2d 885, 894 (10th Cir.1979) ("any determination of whether collateral estoppel applies must be directed to the *claimed* invention, *i.e.* the invention defined by the claims, rather than to a broader invention that may be disclosed in the application") (emphasis in original), *cert. denied,* 444 U.S. 1018, 100 S.Ct. 672, 62 L.Ed.2d 648 (1980); *see also Westwood Chemical, Inc. v. Molded Fiber Glass Body Co.,* 498 F.2d 1115, 1117 (6th Cir.1974).

**12.** *Cf. In re Craig,* 411 F.2d 1333, 1336 (C.C.P.A.1969) (citing "policy inherent in the patent

laws to grant patents when the Patent Office finds that *patentable* inventions have been disclosed and properly claimed so that such inventions are made public through the grant") (emphasis in original); *In re Russell,* 439 F.2d 1228, 1230 (C.C.P.A.1971) (same); *In re Herr,* 377 F.2d 610, 615 (C.C.P.A.1969) (Rich, J., concurring) (same); *cf. also Plastic Container Corp. v. Continental Plastics of Okla., Inc.,* 607 F.2d at 894 (patent infringement suit; "the public interest in upholding valid patents ... outweighs the public interest in collateral estoppel where the issue or issues in each action are not substantially identical").

**13.** Reply Brief for Appellant, at 6 n. 3; *see* Brief for Appellant, at 9, 33, 45, 47.

the claim's scope, *see In re Moore,* 439 F.2d 1232, 1236 (C.C.P.A.1971), appellant can support his present claim—construed to cover only a laser amplifier—with less disclosure than was necessary to support his earlier claims to a laser oscillator.

Moreover, even if the claim language may also include laser oscillators, that would not bar appellant from supporting his claim by disclosing only an amplifier. Under the settled rule that a broad mechanical claim can be supported by disclosure of a single embodiment of the claimed invention, a claim can be sustained even if it covers other inoperative or inadequately disclosed forms of the invention. *In re Vickers,* 141 F.2d 522 (C.C.P.A. 1944); [14] *cf. Gould v. General Photonics Corp.,* 534 F.Supp. 399 (N.D.Cal.1982) (finding that appellant adequately disclosed an optically pumped amplifier claimed in language as broad as that involved here). It is thus immaterial that appellant's claims may cover inadequately disclosed oscillators. Appellant is entitled to a hearing on "whether, in fact, his 1959 specification is adequate to support the present claims to ... a gas discharge laser amplifier (irrespective of whether it may be insufficient to support claims to other ... inventions)." Brief for Appellant, at 33.

That appellant might be able to patent his broadly claimed light amplifier without disclosing laser oscillators illustrates the wisdom of looking to the claimed invention as the measure of issue identity in this context. Questions of patentability are sufficiently nuanced so that conclusive reliance on adverse findings in one patent application proceeding to justify rejection of a related but different application might improperly, and unjustly, deny a patent applicant the benefit of a filing date to which he is statutorily entitled. A passage from Judge Smith's concurrence in *In re Herr,* 377 F.2d 610 (C.C.P.A.1969), directed to a closely related question concerning *res judicata,* is apt in this respect:

There is no question but that the single interest of administrative expediency will be served by a broad application of the doctrine of res judicata and would have the salutary effect of removing a few appeals from our docket. The more important issue, however, is whether such an application of the doctrine serves any public purpose .... [B]road reach may be given to the general rule as to the res judicata doctrine, [but] that is not to say that we are *obligated* to act accordingly[,] particularly in view of the nature of the issues which come before us. As a doctrine, res judicata is to be applied in the public interest. It is paramount to the public interest that *issues* once litigated be closed to relitigation. It is, however, also in the public interest that applicants for patents be protected in their rights to secure patents according to the Patent Act of 1952.

*Id.* at 627–28 (emphasis in original).

We intimate no view on whether appellant is in fact entitled to the patent he presently claims. Nor do we decide whether appellant's 1959 disclosure adequately supports his present application. We simply hold that findings made in proceedings involving inventions different from the invention presently claimed do not conclusively bar appellant from attempting to prove entitlement to his 1959 filing date.

### III.

For the foregoing reasons, the District Court's decision is reversed and remanded for further proceedings consistent with this opinion.

It is so ordered.

---

**14.** *But cf. In re Cook,* 439 F.2d 730, 735 (C.C.P.A.1971) (observing that, notwithstanding *Vickers,* some claims may be too broad "to the point of invalidity") (quoting *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 336 U.S. 271, 277, 69 S.Ct. 535, 539, 93 L.Ed. 672 (1949).